law is clear upon this subject, and the judgment and order appealed from must be reversed.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.

---

CAMINEZ v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department.  June 18, 1908.)

1. STREET RAILROADS—CROSSING ACCIDENT—INJURIES TO TRAVELER—CONTRIBUTORY NEGLIGENCE.

Plaintiff, while riding on the seat of a furniture truck beside the driver, was injured in a collision between the truck and a street car. The driver testified that he stopped his horses six feet from the track, at which time the car was at a crossing two blocks away, and that without making any other observations he drove on the track and stopped his team before the truck cleared the last track, and that the collision occurred immediately after. Plaintiff testified that he paid no attention to the car, did not look to see if a car was coming, and used no care to avoid the accident. *Held*, that plaintiff was negligent as a matter of law; he being bound to show that he exercised the care which the circumstances required.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 210–216.]

2. NEGLIGENCE—IMPUTED NEGLIGENCE—DRIVER OF VEHICLE.

Where plaintiff was riding with the driver of a furniture truck at the time plaintiff was injured in a collision between the truck and one of defendant's street cars, plaintiff was not chargeable with the negligence of the driver, but was bound to show that he exercised the care the situation demanded.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Philip Caminez, by Salamon Caminez, his guardian ad litem, against Brooklyn, Queens County & Suburban Railroad Company. From a Municipal Court order granting plaintiff a new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.
Bernhard Bloch, for respondent.

WOODWARD, J. The plaintiff in this action was riding upon the high seat of a furniture truck, alongside of the driver. They were going down Whipple street, to cross Broadway, in the borough of Brooklyn. The driver testified that he stopped when his horses' heads were about six feet from the defendant's tracks, that at that time the defendant's car was at a crossing two blocks away, that without making any further observations he drove upon the tracks, that he stopped his team before the wagon had cleared the last track, and that the collision of the defendant's car with the rear of his wagon occurred immediately afterward. The plaintiff was thrown from the wagon and received the injuries for which he now seeks to recover damages. Upon the plaintiff's cross-examination he testified as follows:

"The Court: You didn't pay any attention to the car? A. No, sir. Q. You didn't know where the car was until you were hit; is that right? A. What the driver told me. Q. You didn't see anything yourself until you were hit? A. No. Q. You mean to say you drove across the street without looking up or down? The Court: He didn't drive. Q. When you went across, you didn't look up or down? A. No, sir; I didn't intend to pay any attention to that. Q. You didn't use any care at all to avoid the accident? A. No, sir."

Counsel objected to "that," and moved to strike it out, stating no ground for the objection, and the court permitted the answer to stand; the plaintiff taking an exception. At the close of plaintiff's case a motion to dismiss the complaint, on the ground that the plaintiff had affirmatively shown that he was not free from contributory negligence, was granted. Subsequently, on a motion for a new trial, the court granted the motion, and the appeal comes to this court from the order entered.

The respondent frankly admits that if, under these facts, the plaintiff was guilty of contributory negligence as a matter of law, the appellant should succeed on this appeal, and relies upon the case of Noakes v. New York Central & H. R. R. Co., 121 App. Div. 716, 106 N. Y. Supp. 522, to sustain the order. This was a case in which the plaintiff, a girl of 16, was riding in the back seat of an automobile, sitting between her mother and a gentleman, her father, the owner of the machine, being on the front seat with the operator of the car. The car was struck by a steam railroad train running past a railroad crossing, where a large number of people had assembled to take the train, and the question was presented to the jury whether, under her admissions on cross-examination that she did not look for an approaching train, she had shown that degree of care which she was bound to show in order to involve the defendant in damages. The case was concededly a close one, and was decided by a divided court, two justices dissenting, and the facts and circumstances were so very different from those involved in the case at bar, that it cannot be regarded as controlling here. The automobile was being operated by a competent man, the girl's father was on the front seat with the motorman, and there was nothing in the evidence to show that the girl, who was seated between two people, had any knowledge that she was approaching a railroad crossing, or that there was any danger to be apprehended at that point. There appear to have been golf games in progress, and she testified that she was watching the people, and, considering her position in the car, her sex, age, and all the circumstances, it was thought by a majority of the court that there was a question for the jury. Here the plaintiff testified that he used no care to avoid the accident, although he was sitting on the front seat with the driver, and, so far as appears, was in a position to see all that the driver could have seen, and we know of no case where the plaintiff has admitted that he took no care to avoid an accident, under circumstances where such care might have been useful in preventing the damages, and has been permitted to recover. We are of the opinion that, as a matter of law, the plaintiff was guilty of contributory negligence, and that the order appealed from should be reversed. The plaintiff is not to be charged with the negligence of the driver; but he is bound to show that he exercised the care which

the circumstances required, and his declarations on cross-examination, volunteered in part, show conclusively that he used no care whatever.

The order should be reversed.

Order of the Municipal Court reversed, with costs. All concur.